## CLEAVELAND et al. *vs.* McADAMS, Exr'x.

1. Where a party has a right of recovery over against another, the party thus liable may defend in any suit commenced against the person to whom he is liable; but the defence in such case is conducted in the name of the defendant on the record, and the court is not authorized to render judgment against both parties.

ERROR to the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

An action of detinue was brought by the defendant in error against one Hutchinson. The writ and declaration are filed against Hutchinson alone, and the pleas are in his name only. The judgment entry is as follows. viz:

" Martha McAdams, Ex.

*vs.*

James F. Hutchinson, Sheriff of Mobile County.

This day came the parties, by their attorneys, and also came Geo. A. Cleaveland and Mary E. Cleaveland, his wife, by their attorneys, by leave of the court, who admitted them to defend with James F. Hutchinson, sheriff as aforesaid; and the demurrer of the plaintiff to the plea of the defendant secondly above pleaded, being considered by the court, the same is sustained; and thereupon came a jury of good and lawful men, who, on their oaths, do say they find the defendant guilty," &c. "It is therefore considered, that the plaintiff have and recover of the said defendants," &c.

To reverse this judgment, Mary E. Cleaveland alone sues out a writ of error.'

RAPIER, for plaintiff in error.

PHILLIPS, *contra*.

GOLDTHWAITE, J.—Where a party has a right of recovery over against another, the party thus liable may defend in any suit commenced against the person to whom he is liable; but the defence in such case is conducted in the name of the defendant on the record, and the court is not authorized to

render judgment against both parties. In the present case, it does not appear that Cleaveland and his wife were admitted as parties to the record, but that they were admitted with leave to defend, which would not authorize them to be placed in the judgment as defendants.

As the writ of error, however, is not sued out in the name of all the defendants, it must be amended, so as to correspond with the judgment, and the judgment must be reversed, and be here rendered against the defendant Hutchinson alone.